IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GRANT, | CASE NO. 1:21-CV-01156-BYP |
| Petitioner, | JUDGE BENITA Y. PEARSON |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| WARDEN RONALD ERDOS, | REPORT AND RECOMMENDATION |
| Respondent. | |

On June 9, 2021, Petitioner Michael Grant, a prisoner in state custody, filed a *pro se* Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (ECF #1). On February 11, 2022, Mr. Grant filed a Motion to Suppress Evidence. (ECF #10). On February 18, 2022, Respondent Ronald Erdos, in his official capacity as Warden of the Southern Ohio Correctional Facility, filed a Motion to Dismiss (ECF #11), to which Mr. Grant responded on March 11, 2022 (ECF #12). The District Court has jurisdiction over the Petition under § 2254(a). On August 18, 2021, pursuant to Local Civil Rule 72.2, this matter was referred to a Magistrate Judge for preparation of a Report and Recommendation. (Non-document entry of August 18, 2021). On February 15, 2022, the matter was reassigned to me pursuant to General Order 2022-03. (Non-document entry of February 15, 2022).

For the reasons discussed below, I recommend the Petition be dismissed as time-barred.

1

PROCEDURAL HISTORY

**State Court Conviction**

On February 21, 2013, a Cuyahoga County Grand Jury indicted Mr. Grant on one count of burglary (in violation of Ohio Rev. Code § 2911.12(A)(2)) and one count of theft (in violation of Ohio Rev. Code § 2913.02(A)(1)). (ECF #11-1, PageID 229). These charges pertain to case number CR-13-571517-A.

On March 18, 2013, a Cuyahoga County Grand Jury indicted Mr. Grant on the following charges:

- eight counts of rape (in violation of Ohio Rev. Code § 2907.02(A)(2)) (Counts 1-5, 9-11), each with a one- and three-year firearm specifications and a sexually violent predator specification;

- four counts of kidnapping (in violation of Ohio Rev. Code §§ 2905.01(A)(2), (4)) (Counts 6, 7, 15, 16), each with a one- and three-year firearm specifications, a sexual motivation specification, and a sexually violent predator specification;

- three counts of aggravated robbery (in violation of Ohio Rev. Code § 2911.01(A)(1)) (Counts 8, 17, 18), each with a one- and three-year firearm specifications;

- three counts of gross sexual imposition (in violation of Ohio Rev. Code § 2907.05(A)(1) (Counts 12-14);

- one count of felonious assault (in violation of Ohio Rev. Code § 2903.11(A)(2)) (Count 19) with a one- and three-year firearm specifications; and

- one count of petty theft (in violation of Ohio Rev. Code § 2913.02(A)(1)) (Count 20).

(*Id.* at PageID 233-49). These charges pertain to case number CR-13-572242-A.

On September 16, 2013, Mr. Grant pled guilty to the burglary and theft charges in CR-13-571517-A. (*Id.* at PageID 269). The trial court determined the charges were allied offenses of similar import that merge for the purposes of sentencing, and the State elected to sentence on the

burglary count. (*Id.*). The trial court imposed a three-year prison term. (*Id.*). On the same day, Mr. Grant also pled guilty to the following charges in CR-13-572242-A:

- Count 1: rape with three-year firearm specification and sexually violent predator specification;

- Count 2: rape with three-year firearm specification;

- Count 3: rape;

- Count 9: rape with three-year firearm specification;

- Count 10: rape with three-year firearm specification, sexually violent predator specification;

- Count 11: rape; and

- Count 18: aggravated robbery with three-year firearm specification.

(*Id.* at PageID 265-66). The court nolled the remaining counts and sentenced Mr. Grant to an aggregate term of fifty-eight years to life in prison. (*Id.* at PageID 266). The court ordered the sentence in CR-13-572242-A to run concurrent with the sentence in CR-13-571517-A. (*Id.* at PageID 269).

**Direct Appeal**

On October 8, 2013, Mr. Grant, through counsel, filed a Notice of Appeal to the Eighth District Court of Appeals. (*Id.* at PageID 272). In his brief, Mr. Grant raised two assignments of error:

1. The trial court erred by ordering Appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86.

2. The trial court erred by ordering Appellant to pay costs in the journal entry because it was not addressed or ordered in open court.

3

(*Id.* at PageID 285). The State filed a brief in opposition. (*Id.* at PageID 300). On June 19, 2014, the Eighth District found no merit to Mr. Grant's argument related to consecutive sentencing but determined the trial court erred by failing to assess costs in open court. (*Id.* at PageID 331, 332). The appellate court remanded the matter to the trial court so Mr. Grant could seek a waiver of court costs. (*Id.* at PageID 332).

On July 30, 2014, Mr. Grant, through counsel, filed a Notice of Appeal with the Supreme Court of Ohio. (*Id.* at PageID 338-39). In his Memorandum in Support of Jurisdiction, Mr. Grant raised one proposition of law:

> The imposition of a consecutive sentence is contrary to law when a trial court fails to make all of the findings on the record or in its judgment entry as required by R.C. 2929.14(C)(4) and in accordance with this Court's holding in *State v. Bonnell*, Slip Opinion 2014-Ohio-3177, and therefore, the sentence must be vacated and remanded to the trial court for resentencing.

(*Id.* at PageID 342). On December 24, 2014, the Supreme Court of Ohio declined to accept jurisdiction of the appeal. (*Id.* at PageID 365).

On January 23, 2015, in accordance with the Eighth District's remand order, the trial court waived all previously assessed court costs associated with both cases. (*Id.* at 367-68).

**Petition to Vacate or Set Aside Judgment of Conviction or Sentence**

On May 19, 2015, Mr. Grant, acting *pro se*, filed a postconviction petition in the trial court. (*Id.* at PageID 370-73). Mr. Grant asserted his Fifth Amendment right against self-incrimination was violated when, on February 14 and 21, 2013, the case detective interrogated Mr. Grant without reading his *Miranda* rights. (*Id.* at PageID 371). Mr. Grant also claimed his Fourth Amendment right against unreasonable search and seizure was violated when the detective procured a search warrant based on information gained during Mr. Grant's interrogation. (*Id.* at

4

PageID 372). Mr. Grant moved for appointment of counsel and for expert assistance. (*Id.* at PageID 375-81). The State filed a brief in opposition. (*Id.* at PageID 383-85). On June 2, 2015, the trial court denied Mr. Grant's postconviction petition and his motions for appointment of counsel and expert assistance. (*Id.* at PageID 388-89). Mr. Grant did not appeal the decision.

**Motion for Affidavit of Fact Writ of Disclosure**

On March 22, 2017, Mr. Grant filed a Motion for Affidavit of Fact Writ of Disclosure, which the trial court denied on May 1, 2017. (*Id.* at PageID 391-95). On May 22, 2017, Mr. Grant filed a Notice of Appeal with the Eighth District. (*Id.* at PageID 397). The Eighth District dismissed the appeal for Mr. Grant's failure to file a praecipe in accordance with Local Appellate Rule 9(B). (*Id.* at PageID 404).

**Motion to Withdraw Guilty Pleas (2017)**

On October 24, 2017, Mr. Grant filed a motion with the trial court to withdraw his guilty pleas, claiming he did not fully understand the charges and was not in the right state of mind, and that he was not advised he was waiving certain constitutionally guaranteed trial rights in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, the Ohio Constitution, and Rule 11 of the Ohio Rules of Criminal Procedure. (*Id.* at PageID 406). The State filed a Brief in Opposition. (*Id.* at PageID 415). On October 30, 2017, the trial court denied Mr. Grant's motion. (*Id.* at PageID 418-19).

On December 5, 2017, Mr. Grant filed a Notice of Appeal to the Eighth District and asked the appellate court to grant his motion to withdraw his guilty pleas. (*Id.* at PageID 421-28). On December 7, 2017, the Eighth District denied the motion for lack of original jurisdiction over

5

criminal matters. (*Id.* at PageID 430). The court dismissed the appeal for Mr. Grant's failure to file a praecipe in accordance with Local Appellate Rule 9(B). (*Id.* at PageID 432).

**Motion to Withdraw Guilty Plea (2018)**

On June 26, 2018, Mr. Grant filed another motion to withdraw his guilty plea in case number CR-13-572242-A. (*Id.* at PageID 434-47). In support, Mr. Grant argued ineffective assistance of counsel during plea negotiations because trial counsel failed to advise him of the mandatory consecutive sentencing related to the gun specifications to which he plead guilty. (*Id.* at PageID 436). He also claimed ineffective assistance of counsel during plea negotiations because trial counsel did not advise him that he cannot live within 1,000 feet of a school, preschool, or child day care center pursuant to Ohio Rev. Code § 2950.034. (*Id.* at PageID 444). The trial court denied Mr. Grant's motion (*id.* at PageID 449), a decision Mr. Grant appealed to the Eighth District. (*Id.* at PageID 451).

> In his appellate brief, Mr. Grant asserted two assignments of error:
>
> **Assignment of Error I**: This court should have considered the Appellant's Motion to Withdraw Guilty Plea as a pre-sentence motion due to the judgment being void.
>
> **Assignment of Error II**: The trial court abused its discretion when it denied Appellant's Motion to Withdraw Guilty Plea.

(*Id.* at PageID 468). The State filed its brief on the merits. (*Id.* at PageID 483). On March 7, 2019, the Eighth District found no merit to Mr. Grant's arguments, but noted, *sua sponte*, that the trial court transposed Counts 9 and 10 when sentencing Mr. Grant. (*Id.* at PageID 500-02). The appellate court determined the sentences on those counts were void, vacated the sentences imposed, and remanded to the trial court for resentencing as to those counts only. (*Id.* at PageID 502-03).

On May 23, 2019, Mr. Grant was resentenced on Counts 9 and 10. (*Id.* at PageID 505-07). On Count 9, the trial court imposed a three-year sentence for the firearm specification to be served prior and consecutive to nine years on the base offense. (*Id.* at PageID 505). On Count 10, the trial court imposed a three-year sentence for the firearm specification to be served prior and consecutive to ten years to life on the base offense. (*Id.*). The resentence, which did not extend or reduce the aggregate sentence originally imposed, was journalized on May 30, 2019. (*Id.* at PageID 507).

On January 28, 2021, Mr. Grant filed a Notice of Appeal to the Supreme Court of Ohio, appealing the Eighth District's decision. (*Id.* at PageID 515). On February 19, 2021, Mr. Grant filed another Notice of Appeal with the Supreme Court of Ohio, again appealing the Eighth District's decision, and a Motion for Delayed Appeal. (*Id.* at PageID 518, 521). In his Motion for Delayed Appeal, Mr. Grant argued he was under the impression he had to wait for the final decision from the "Eighth Appellate District County of Cuyahoga Case No. 107499," and claimed limited knowledge of the law and limited access to the legal library. (*Id.* at PageID 522) (cleaned up). On March 30, 2021, the Supreme Court of Ohio denied Mr. Grant's motion for delayed appeal and dismissed the matter. (*Id.* at PageID 549).

**Motion to Withdraw Guilty Pleas (2019)**

On May 8, 2019, Mr. Grant filed a third motion to withdraw his guilty pleas in both criminal cases. (*Id.* at PageID 509). The trial court denied the motion, stating it lacked jurisdiction to rule on the motion. (*Id.* at 512-13). Mr. Grant did not appeal the trial court's decision.

## FEDERAL HABEAS CORPUS

Mr. Grant filed this petition on June 9, 2021, asserting three grounds for relief. (ECF #1, PageID 1-15). In Ground One, Mr. Grant claims his Fifth Amendment right against self-

7

incrimination was violated because the detective in the case did not read Mr. Grant his *Miranda* rights before interrogation. (*Id.* at PageID 5). In Ground Two, Mr. Grant claims "I didn't fully understand the nature of the charges, wasn't in the right state of mind and was not advised that [I] was waiving constitutional rights." (*Id.* at PageID 7). In Ground Three, Mr. Grant claims he was denied ineffective assistance of counsel during plea negotiations because trial counsel did not inform Mr. Grant that he would not be permitted to live within 1,000 feet of a school, preschool, or day care center, and did not advise Mr. Grant that firearm specifications run consecutive; had he been advised of these facts, he would not have pled guilty and would have chosen to go to trial. (*Id.* at PageID 8).

## LAW AND ANALYSIS

**I.  The AEDPA statute of limitations bars review of Mr. Grant's petition.**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on applications seeking a writ of habeas corpus under 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of reasonable diligence.

8

28 U.S.C. § 2244(d)(1). A judgment is final when the time to file a direct appeal to the state appellate court expires, unless the state appellate court grants a motion to file an out-of-time appeal. *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). The one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The State argues Mr. Grant's petition is time-barred. (ECF #11, PageID 219). Mr. Grant acknowledges his petition is time-barred but states he "has only one opportunity" for this Court to review. (ECF #12, PageID 653). In his petition, Mr. Grant claimed limited knowledge of the law and limited access to legal work in the correctional facility as explanations for failing to file his petition within the one-year statute of limitations. (ECF #1, PageID 13).

The State asserts the statute of limitations began to run on May 31, 2019, the day after Mr. Grant's resentencing entry was journalized. (ECF #11, PageID 219). This squares with the Sixth Circuit's interpretation in *Rashad v. Lafler*, 675 F.3d 564 (6th Cir. 2012), in which the court found that where a petitioner's conviction was affirmed on direct review while the case was remanded for sentencing due to some infirmity in the initial sentence, the judgment becomes final only after direct review of the resentencing. *Id.* at 568.

Arguably, AEDPA's one-year statute of limitations began to run earlier, on January 24, 2015, the day after the trial court resentenced Mr. Grant on the issue of court costs only, which finalized review of his direct appeal. In *Eberle v. Warden, Mansfield Correctional Inst.*, 532 Fed. App'x 605, 610 (6th Cir. 2013), the Sixth Circuit determined that not all sentencing modifications restart the limitations period from the time of resentencing, and, without setting forth a bright-line

9

rule, found that the alteration made to Petitioner Eberle's sentence did not delay finality for habeas purposes based on two observations: (1) Eberle's sentence was modified to remedy a technical error, the change in sentence did not pertain to his underlying convictions, and did not relate to the basis of the plea bargain Eberle struck with the state; and (2) as a technical error, his sentence was not remanded to the trial court: no resentencing hearing was held, no new sentencing entry was filed, and no new judgment issued. *Id.* at 610.

Mr. Grant's situation is analogous to Eberle's, for the most part, although he did have a resentencing hearing unlike the petitioner in *Eberle*. At the May 2019 resentencing hearing, the trial court modified Mr. Grant's sentence to remedy the transposed sentences for Counts 9 and 10. The change was not made to address an error with federal constitutional ramifications, did not pertain to the underlying convictions, and did not relate to the basis for the plea bargain. Under the *Eberle* analysis, the resentencing hearing, held May 23 and journalized May 30, 2019, would not restart the AEDPA limitations period; thus, the statute of limitations began to run January 24, 2015, the day after the trial court resentenced Mr. Grant after remand from the Eighth District on direct appeal.

For Mr. Grant, whether the statute of limitations expired on January 24, 2016, or May 31, 2020, the result is the same: Mr. Grant filed his petition on June 9, 2021, well after the one-year limitations period expired. Under the analysis in which the limitations period began to run on January 24, 2015, Mr. Grant's postconviction petition, a tolling event under § 2244(d)(2), filed in May 2015, may have served to pause the one-year clock until June 2, 2015, when the trial court denied the petition and Mr. Grant did not pursue appeal. However, even if the postconviction petition tolled the limitations period, the tolled time amounts to less than one month. Under such

a scenario, Mr. Grant's petition would have been due in February 2016. Mr. Grant's petition is time-barred unless equitable tolling applies.

**II.     Mr. Grant has not established equitable tolling.**

In appropriate cases, § 2244(d) petitions are subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 Fed. App'x 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). The statute of limitations will only be tolled if the circumstances were both beyond the control of the litigant and unavoidable with reasonable diligence. *Id*. The party seeking equitable tolling of the statute of limitations bears the burden of proving he is entitled to it. *Robertson*, 624 F.3d at 784. To demonstrate entitlement to equitable tolling, a petitioner must establish: (1) that he has diligently pursued his rights; and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 648 (internal quotation omitted). Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).

Mr. Grant argues his limited legal knowledge and limited access to legal materials are extraordinary circumstances justify equitable tolling. Not so. Mr. Grant's *pro se* status, lack of knowledge of the law, and lack of access to materials are not sufficient to constitute extraordinary circumstances to excuse his late filing. *See, e.g., Hall v. Warden*, 662 F.3d 745, 751-52 (6th Cir.

11

2011) ("Hall's pro se status and limited law-library access do not change our analysis."); *Winkfield v. Bagley*, 66 Fed. App'x 578, 583 (6th Cir. 2003).

Moreover, Mr. Grant has not shown that he has diligently pursued his rights. First, the claims Mr. Grant raises in this federal habeas petition were not asserted on direct appeal in 2013. In fact, he did not assert the claim in Ground One until May 2015 when he filed a postconviction petition in the trial court, did not assert the claim in Ground Two until he filed his 2017 motion to withdraw his guilty pleas, and did not assert the claim in Ground Three until his 2018 motion to withdraw his guilty pleas. This Court should decline to grant equitable tolling because Mr. Grant sat on the rights he now pursues until, at best, a year and a half after his sentencing on September 16, 2013. *See Robinson*, 424 Fed. App'x at 443.

A petitioner may also be entitled to equitable tolling of the one-year limitations period upon a credible showing of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 396-97 (2013). However, Mr. Grant has not attempted to establish a claim of actual innocence. As such, Mr. Grant's petition for a writ of habeas corpus is untimely. I recommend the District Court dismiss the petition as time-barred.

**Certificate of Appealability**

A habeas petitioner may not appeal the denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability (COA) and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has determined a petitioner's constitutional claim to be without merit, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claim debatable or wrong" before receiving a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* A showing that the appeal would succeed on the claim is not required to grant a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Mr. Grant has not made a substantial showing that his constitutional rights were violated, or that equitable tolling should apply to his Petition. Reasonable jurists would not find this assessment of Mr. Grant's claims debatable or wrong. A COA is thus unwarranted in this matter.

### CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, I recommend Mr. Grant's Petition be **DISMISSED.** I further recommend that Mr. Grant's Motion to Suppress Evidence (ECF #10) be denied as moot. Finally, I recommend that Mr. Grant not receive a certificate of appealability.

Dated: August 18, 2022

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

### Objections, Review, and Appeal

**Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the**

proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).