PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL GRANT, | ) | |
| | ) | CASE NO. 1:21CV1156 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN RONALD ERDOS, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | [Resolving ECF No. 18] |

Pending before the Court is Petitioner's Response in Objection to the magistrate judge's Report and Recommendation (ECF No. 17) and Motion for Reconsideration (ECF No. 18). For the following reasons, Petitioner's objections are overruled, and his motion is denied.

## Background

Petitioner filed a § 2254 habeas petition on June 9, 2021. The magistrate judge issued a Report on August 18, 2022, recommending the dismissal of Petitioner's habeas petition and the denial of a certificate of appealability under 28 U.S.C. § 2253(c). *See* Report and Recommendation at ECF No. 14. Along with the recommendations, the magistrate judge also instructed both parties to file objections by September 1, 2022. Having waited the three-day grace period allowed for prisoners filing court documents, the Court issued its Memorandum of Opinion and Order and Judgment Entry on September 9, 2022, adopting the magistrate judge's Report and Recommendation. *See* Fed. R. Civ. P. 6(d); *Walker v. Robinson*, No. 19-3460, 2019 WL 5960215, at *2 (6th Cir. Oct. 1, 2019). Although not docketed until September 12, 2022 and

(1:21CV1156)

September 16, 2022 respectively, Petitioner mailed his objections to the magistrate judge's Report and Recommendation and Motion for Reconsideration on September 6, 2022.

**Standard of Review**

**A. Objection to Report and Recommendation**

The Federal Magistrates Act requires a district court to conduct a *de novo* review of only those portions of a report and recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the Court does not need to perform a review of objections that simply recite the arguments previously raised before the magistrate judge. *See, e.g.*, *Cannon v. Potter*, No. 1:16-CV-1849, 2019 WL 4315931, at *3 (N.D. Ohio Sept. 12, 2019); *Bulls v. Potter*, No. 5:16-CV-02095, 2020 WL 870931 (N.D. Ohio Feb. 21, 2020). Furthermore, parties must file any objections to a report and recommendation within fourteen days of service. *Id*. Failure to object within this time waives a party's right to appeal the district court's judgment. *Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). For *pro se* prisoners, their documents are "deemed filed with the court on the day [they] give it to prison authorities for mailing" under the prison mailbox rule. *Walker v. Robinson*, No. 19-3460, 2019 WL 5960215, at *2 (6th Cir. Oct. 1, 2019) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). Absent a timely objection, a district court may adopt a magistrate judge's report without review. *See Thomas*, 474 U.S. at 149.

**B. Motion for Reconsideration**

Rule 59(e) permits a district court to alter, amend, or vacate a prior judgment when there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Am. Civil Liberties Union v.*

(1:21CV1156)

*McCreary Cty.*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).  However, the Court will not grant motions for reconsideration that "merely present the same issues ruled upon by the Court, either expressly or by reasonable implication."  *United States v. Vehicle 2011 BMW 5 Series 535i VIN: Wbafu7c55bc777710*, No. 16-1308, 2017 WL 5707520, at *2 (6th Cir. Jan. 18, 2017).

## Discussion

### A.  Objection to Report and Recommendation

On August 14, 2022, the magistrate judge issued his Report and Recommendation, instructing parties to file objections by September 1, 2022.  Not having received timely objections from either party by the statutorily imposed cutoff date, the Court issued a Memorandum of Opinion and Order and Judgment Entry on September 9, 2022, adopting the magistrate judge's Report and Recommendation.  Petitioner mailed his untimely objections on September 6, 2022, but the Court did not receive them until September 12, 2022.  Even after accounting for the prison mailbox rule, Petitioner's objections are still untimely because he should have mailed it by September 1, 2022.  Therefore, the Court need not consider Petitioner's objections.

Notwithstanding the timeliness of Petitioner's objections, even if the Court were to review them solely on their merits, Petitioner's objections must still be overruled.  First, Petitioner objects to the magistrate judge's first finding that his habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act's statute of limitations.  In support of his first objection, Petitioner states that he received a "letter from Thomas Rein on October 10, 2013" asking him if he had any particular issues or arguments that he wished to pursue and points to Exhibit 2 as evidence that he asserted his claims earlier than May 2015.  ECF No. 17 at

3

(1:21CV1156)

PageID #: 696–97. None of these points, however, persuades the Court to find in favor of Petitioner. Next, Petitioner argues that he should receive a certificate of appealability regarding the Fifth Amendment right against self-incrimination issue in his habeas petition. ECF No. 17 at PageID #: 697. This is essentially a repackaging of Ground One in his habeas petition, in which Petitioner claims that he was not read his Miranda rights. See ECF No. 1 at PageID #: 5. Petitioner's last objection merely rehashes the ineffective assistance of counsel arguments he made in Grounds Two and Three of his habeas petition. See ECF No. 1 at PageID #: 7–8; ECF No. 17 at PageID # 699–713. In summary, Petitioner's objections are clear attempts to recite "the arguments that were previously raised before the [m]agistrate [j]udge," therefore Petitioner's objections do not warrant further review and are overruled. Bulls, No. 5:16-CV-02095, 2020 WL 870931, at *2.

### B. Motion for Reconsideration

On September 6, 2022, Petitioner filed a Motion for Reconsideration after receiving the Court's Memorandum of Opinion and Order and Judgment Entry. ECF No. 18. In his Motion, Petitioner simply requests that the Court reconsider his objections sent on September 6, 2022 and argues, without merit, that his objections were timely because his cutoff date should have been September 8, 2022 and not September 1, 2022. The Motion provides no legitimate indication of a clear error or law, newly discovered evidence, intervening change in controlling law, or a need to prevent manifest injustice. See Am. Civil Liberties Union, 607 F.3d at 450. Because Petitioner's reasoning for reconsideration does not correspond with any of the circumstances that would allow the Court to alter, amend, or vacate a prior judgment under Rule 59(e), the Court denies Petitioner's Motion for Reconsideration.

4

(1:21CV1156)

## Conclusion

Accordingly, Petitioner's objections to the magistrate judge's Report and Recommendation ([ECF No. 17](ECF No. 17)) are overruled and Petitioner's Motion for Reconsideration ([ECF No. 18](ECF No. 18)) is denied.


IT IS SO ORDERED.


| October 6, 2022 | /s/ *Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |